IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

THERESA R. GORDON                                                                PLAINTIFF

vs.                              CASE NO. 4:04CV00675GH

SLAM DUNK, INC., ET AL.                                                        DEFENDANTS

## ORDER

On March 10, 2005, a twelve person jury found in favor of plaintiff on her claims of conversion, hostile work environment and failure to pay last wages. With regard to the first two claims, the jury found plaintiff to be entitled to $47.00 in lost wages and benefits and awarded plaintiff compensatory damages in the amount of $5,500.00 and punitive damages against Slam Dunk in the amount of $20,000.00 and against Jeffrey Chapman in the amount of $20,000.00. The jury found plaintiff to be entitled to $812.40 as the penalty for failure to pay last wages. The jury found in favor of defendants on plaintiff's claims of sex discrimination, retaliation, and battery.

Defendants have filed a motion for judgment as a matter of law with regard to plaintiff's hostile work environment claim and a motion to amend or set aside the judgment as to punitive damages.

"'Judgment as a matter of law is proper only when the evidence is such that, without weighing the credibility of the witnesses, there is a complete absence of probative facts to support the verdict.'" *Tatum v. Arkansas Dept. of Health*, 411 F.3d 955, 959 (8th Cir. 2005)(quoting *Browning v. President Riverboat Casino-Missouri. Inc.*, 139 F.3d 631, 634 (8th Cir.1998)). "Judgment as a matter of law is appropriate when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. An inference is reasonable if it may be drawn from the evidence without resort to speculation.. The court may not substitute its own judgment for that of the jury, but it may, in considering the whole

-1-

record, give credence to the moving party's uncontradicted and unimpeached [evidence], at least to the extent that that evidence comes from disinterested witnesses." *Okruhlik v. Univ. of Arkansas,* 395 F.3d 872, 878 (8th Cir. 2005)(citations omitted).

Defendants contend that the evidence is insufficient to establish a hostile work environment claim. To establish a claim for hostile work environment, plaintiff must show that (1) she is a member of a protected group; (2) that she was subjected to unwelcome sexual harassment; (3) that the harassment was based on sex; and (4) that the harassment affected a term, condition or privilege of her employment. *Henthorn v. Capitol Communications, Inc.*, 359 F.3d 1021, 1026 (8th Cir. 2004).

Plaintiff was employed as a waitress at defendants' restaurant, Alley Oops, from sometime in 2001 until her termination on May 26, 2004. There was evidence that the owners of the restaurant regularly referred to plaintiff as "stupid bitch,"big bird,", "big old dumb girl,"and "fat ass." Plaintiff was told that "unless you marry a man that has money, you will never amount to shit." She was elbowed by her supervisor on one occasion. She stated that she objected to the comments. Other witnesses testified that they never heard these comments. There was sufficient evidence to send the hostile environment claim to the jury. *See Jackson v. Flint Ink North American Corp.*, 382 F.3d 869 (8th Cir. 2004). The jury resolved the disputed evidence in favor of plaintiff, believing her evidence. The Court cannot say that the evidence was insufficient such that defendants are entitled to judgment as a matter of law on the hostile environment claim.

Defendants also contend that the punitive damages claim against Chapman must be set aside because he could only be individually liable on the battery claim, on which plaintiff did not prevail. Defendants further argue that the punitive damage award is against the weight of the evidence.

The Court agrees that Chapman cannot be individually liable under the hostile environment claim. *See Lenhardt v. Basic Institute of Technology, Inc.*, 55 F. 3d 377(8th Cir. 1995).

However, there was sufficient evidence to support a punitive damages award against corporate defendant on the hostile environment claim.. As stated above plaintiff was constantly referred to in sexually derogatory terms. She was called a poster child for the dumb, stupid fat girls club. Plaintiff complained. Not only did defendants do nothing, the owners were actually the perpetrators of the derogatory comments.

Furthermore, there was sufficient evidence to support a punitive damage award against Chapman on the conversion claim. There was evidence that while plaintiff gave her apron with her tips to Duke, Chapman was the one who actually divided up plaintiff's tip money and gave it to other waitresses. The jury was instructed they could award punitive damages on plaintiff's hostile environment or conversion claim if they found that defendants were motivated by evil motive or interest, or that defendants were callously indifferent to plaintiff's rights. Here, the jury could find that the distribution of plaintiff's money to others justified the imposition of punitive damages.

Thus, the motions for judgment as a matter of law and to amend or set aside the judgment as to punitive damages are denied.

Plaintiff has filed an application for attorney's fees, seeking $13,860.00 in fees and $1,285.90 in costs. As a prevailing party, plaintiff is entitled to fees and costs. *See Farrar v. Hobby*, 506 U.S. 103 (1992). Defendants contend that since plaintiff did not prevail on all claims, the Court should reduce the fees and costs. The Court disagrees. To be a prevailing party, plaintiff" must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Forest Park II v. Hadley*, 408 F.3d 1052, 1059 (8th Cir. 2005( quoting *Farrar,* 506 U.S. 103, 109 (1992). Here, plaintiff achieved a high degree of success, obtaining over $45,000.00 in damages.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir.2002). The

-3-

Court may adjust the lodestar amount in light of the twelve (12) factors first pronounced in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), that is : (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation and ability of the attorneys; (10) The undesirability of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases. *See Blanchard v. Bergeron*, 489 U.S. 87, 92 n. 5 (1989).

      Plaintiff claims an hourly rate of $150.00 for Lucien Gilham and $125.00 for Franki Heenan. She has submitted affidavits in support of this request and defendants have not disputed it. The Court is persuaded that the hourly rates requested, based on the experience of counsel, are reasonable.

      Counsel expended 102.50 hours on the case. The Court will disallow the time spent seeking unemployment benefits ($561.00). In all other respects the Court finds that the time expended is reasonable. Thus, plaintiff is entitled to attorneys' fees in the amount of $13299.00. The Court further finds that plaintiff is entitled to costs in the amount of $1285.90. The Court does not find any basis for adjusting the award. Thus, plaintiff is entitled to attorneys' fees and costs in the amount of $14584.90.

      Accordingly, the motions for judgment as a matter of law and to amend or set aside the judgment as to punitive damages are denied; the application for attorneys' fees and costs is granted as set forth above.

      IT IS SO ORDERED this 3rd day of August, 2005.

                                              */s/ George Howard Jr.*
                                          UNITED STATES DISTRICT JUDGE